## Langstaff v. Town of Durant.

[72 South. 236-681.]

1. Municipal Corporations. *Sidewalk improvement. Sufficiency of resolution. Fixing cost. Statute. Publication of notice.*
Where a town ordinance declared the construction of concrete sidewalks necessary and prescribed specifications of such sidewalks requiring, that all sidewalks should be of brick or concrete material, five feet wide on all residence streets, built to the street line and of even grades, such resolution sufficiently described the character of the improvement so as to enable the property owner to do the work himself.

2. SIDEWALK ASSESSMENTS. *Fixing cost. Statute.*

Under Laws 1912, chapter 260, section 16, prescribing the method of fixing the cost assessment for sidewalks, the method of adding the cost of all the improvements made under a town resolution and prorating the cost in proportion to the number of lineal feet of sidewalk owned by each property owner to the entire number of lineal feet of sidewalk built, is not in accordance with the statutes; the proper method of ascertaining the amount to be charged against the individual owner being to assess his property with the whole cost of the improvement immediately in front of it and for its entire frontage.

3. MUNICIPAL CORPORATION. *Sidewalk improvements. Publication of notice.*

Under Laws 1915, chapter 260, sections 6-7, providing that the resolution calling for a sidewalk improvement shall be published in a newspaper in the town and if there is none, then notice may be posted; where notice of a sidewalk improvement was published in a paper in a different town from the town in which the improvement was being made this was insufficient, though such paper had a general circulation in the town where the imments were to be made.

4. SIDEWALK IMPROVEMENTS. *Notice. Statute.*

The giving of the notice required by sections 6 and 7 of Laws 1912, chapter 260, was a condition precedent to the affixing of the lien upon the property of an abutting owner to secure the payment of the taxes to pay for such improvement.

ON SUGGESTION OF ERROR.

5. MUNICIPAL CORPORATIONS. *Special assessments. Publication of notice. Statute.*

The publication of notice of assessments for a special improvement intended to be made, once a week under the provisions of section 20, Laws 1912, chapter 260, is the same kind of publication required by section 6 of said act where there is a newspaper published in the municipality. If there is such a newspaper then publication must be made in it, if there is not, then section 7 of the act provides the method of publication and the time necessary for publishing notice in all cases under said act where publication in a newspaper is required and no newspaper is published in the municipality.

6. MUNICIPAL CORPORATIONS. *Special assessments. Notice of resolution. Posting. Statute.*

The publication of notice of an assessment for special improvements intended to be made by a municipality as provided for under Laws 1912, chapter 260, is a prerequisite to the creation of

a lien upon the property of an abutting owner to secure pay-
ment of taxes to pay for such improvement and without such
notice the municipality cannot maintain a suit to collect the cost
of such improvement.

Appeal from the chancery court of Holmes county.
Hon. A. Y. Woodward, Chancellor.

Suit by the town of Durant against E. L. Langstaff and
others. From a judgment overruling a demurrer to the
bill of complaint, defendant appeals to settle the princi-
ples of the cause.

The facts are fully stated in the opinion of the court.

*W. B. Banks* and *W. C. Wells,* for appellant.

*J. D. Guyton,* for appellee.

Potter, J., delivered the opinion of the court.

This is an appeal from the chancery court of Holmes
county. The original bill in this case was filed by the
town of Durant against E. L. Langstaff, a resident and
property owner of said town, seeking to affix a lien on
the property of appellant for the cost of a certain side-
walk laid by the municipality in front of his property,
and for the enforcement of said lien, if necessary, by a
sale of said property to satisfy same. The mayor and
board of aldermen of the town of Durant passed certain
resolutions, acting, as it believed, in compliance with the
requirements of chapter 260, Laws of 1912, for the pur-
pose of having concrete sidewalks laid in said town of
Durant. The original bill of complaint filed had as ex-
hibits thereto copies of the various ordinances passed by
the board, attempting to follow the statutory proceeding
for sidewalk improvement. Defendants filed a demurrer
to said bill of complaint in which they set out several
grounds for demurrer. This demurrer was overruled,
and the chancellor allowed an appeal to this court to the
defendant Langstaff for the purpose of settling the prin-
ciples of the case.

The first ground of demurrer is that the original res-olution declaring the improvement necessary does not sufficiently describe the character of said special im-provement so as to enable the owner of the property to do the work himself. We think, however, that there was a substantial compliance with the provisions of the law in this respect. The resolution declaring the construc-tion of the sidewalks necessary has incorporated in it Ordinance No. 98 of the town filed as an exhibit to the bill, and that ordinance is as follows:

''An ordinance prescribing specifications of sidewalks and requiring all persons putting down sidewalks to com-ply with same.

''Be it ordained by the mayor and board of aldermen of the town of Durant, Mississippi:

''Section 1. That all sidewalks hereafter constructed in said town shall be of brick or concrete material, and shall be five feet wide on all residence streets, and shall be built to the street line and of even grade so as to be of uniform grade, width and alignment.

''Sec. 2. That said sidewalks shall be constructed un-der the direction of the street commissioner, and when done according to his directions as to material, grade, width, and alignment, it shall be presumed that said side-walks are constructed herein as provided.''

We think this was sufficient. ''It is sufficient to desig-nate the material in general terms.'' 28 Cyc. 1002, and note 1 on page 1003. The specifications were sufficiently clear to have enabled the property owner to construct his own sidewalk, and that is the test.

The second ground of the demurrer is as follows:

''That the method of fixing the cost of assessment of sidewalks was not that prescribed by law, in that instead of the lot or piece of ground adjoining the sidewalk on the street or part thereof ordered to be specially improved was not assessed with the whole cost of improvements immediately in front of it for its entire frontage only, but in a manner contrary to law.''

The manner employed in determining the assessment against each piece of property, as is shown by Exhibits D and E to the bill of complaint, was to add the cost of all the improvements made under the resolution above mentioned and prorate the cost in proportion to the number of lineal feet of sidewalk owned by each property owner to the entire number of lineal feet of sidewalk built. Section 16 of chapter 260, Laws of 1912, provides the method of fixing the cost of assessments for sidewalks, and is as follows:

"Method of Fixing Cost Assessments for Sidewalks.— If the special improvement be for the purpose of constructing or repairing a sidewalk, each lot or piece of ground adjoining the sidewalk on the street, or part thereof, ordered to be specially improved, shall be assessed with and be liable for the whole cost of the improvement immediately in front of it and for its entire frontage only; if the special improvement consist in constructing special improvements on a street, each lot or piece of ground adjoining that part of the street ordered specially improved, shall be liable for its proportion of the cost of the whole of such improvements for its entire frontage, in the manner to be hereinafter specified."

Under the provisions of this section, a proper method of ascertaining the amount to be charged against the individual property owner, when the special improvement is the construction or repair of sidewalks, is to assess the property with the whole cost of the improvement immediately in front of it and for its entire frontage. The method of assessment adopted in this case was not in accordance with the provisions of the statute.

The third ground of the demurrer is as follows:

"Because the notice of assessment was not published, as required by law, in a newspaper published in the municipality of Durant, or by posting notices in three or more public places; but it was published at Lexington, Miss., and not in the town of Durant."

Sections 6 and 7, chapter 260, Laws of 1912, provide as follows:

"Sec. 6. Resolution Shall be Published.—When the above resolution is passed by the mayor and board of aldermen the resolution shall be published in some newspaper published in the municipality once a week for three successive weeks. It shall not be necessary that any particular number of days shall intervene between the first and last publication of the notice herein required, if the notice in fact appear in the paper three different times in three different weeks.

"Sec. 7. Notice May be Posted.—When any notice is required to be published in a newspaper by any provision of this act and there shall be no newspaper in the municipality, then the notice may be published by posting the notice in three or more public places in the municipality for three full weeks, one of the places to be at the mayor's office."

The original bill of complaint in this case expressly states that neither of the methods above provided for was resorted to, but that publication was made in the Lexington Advertiser, a paper published at Lexington, Miss., and this notice was insufficient, although the Lexington Advertiser may have had a general circulation in the town of Durant. The giving of the notice required by sections 6 and 7 of this act was a condition precedent to the affixing of the lien upon the property of appellant to secure the payment of said taxes. *City of Jackson* v. *Williams,* 92 Miss. 302, 46 So. 551. The assessment, therefore, is void, and the demurrer is sustained, and the suit dismissed.

*Reversed and Dismissed.*

### OPINION ON SUGGESTION OF ERROR

In the suggestion of error filed by appellee in this case, our attention is called to the fact that section 6, chapter 260, Laws 1912, is not the section of said act providing for the notice of assessment fixing the amount to be

charged the abutting property owner as his share of the costs of special improvements, but that the notice required is provided by section 20 of said act.

The requirements of section 20 of said act were not complied with before making the assessment in question, unless the publication of notice required thereunder in a newspaper published in Lexington when the improvement had been made in Durant, a different town, satisfies the statute.

In our opinion the publication intended to be made once a week under the provisions of section 20 of said act is the same kind of publication required by section 6 of said act where there is a newspaper published in the municipality; and if there is, publication must be made in such newspaper.

Section 7 provides the method of publication and the time necessary for publishing notice in all cases under the act in question where publication in a newspaper is required and no newspaper is published in the municipality.

In this case appellee's bill of complaint charges that no newspaper was published in Durant at the time the notice in question was given, and therefore the proper publication in this case would have been in the manner provided by section 7 of said act.

The bill shows that this notice was not given. Such notice was prerequisite to the creation of complainant's lien, and without such notice no suit could be maintained.

Appellee in its suggestion of error insists that the bill of complaint shows that the appellant is charged with the correct amount for improvement in front of his own property, and that it makes no difference that this amount is ascertained by calculating the average cost of such improvement, for the appellee contends the bill of complaint in this case shows that the actual cost and the average cost of such special improvements are the same. Under this view of the case, the bill probably sufficiently charges that the amount claimed is the actual cost of the

improvement in question. It was not necessary to decide this question to reach the conclusion arrived at in our former decision. The disposition of the case then, as now, turned upon the question of notice, above discussed.

On account of failure to give proper notice, the assessment is void. The suggestion of error is therefore overruled; but on request of appellee, the order dismissing the suit is set aside and the cause remanded, with directions to the chancery court to sustain the demurrer therein.

*The suggestion of error is overruled.*