LANGSTAFF v. TOWN OF DURANT.

[84 South. 459. In Banc. No. 20984.]

1. MUNICIPAL CORPORATIONS. *Requisites of publication of notice of special assessments stated.*

Under chapter 260, Laws 1912, notice to the owner of property sought to be charged with the cost of sidewalks being constructed of the assessment must be published for three full weeks by posting notices in three or more public places in the municipality, one of which must be at the mayor's office, and the record of the proceeding should affirmatively show this was done, and should also show that there was no newspaper published in the municipality during the time the notice is published, if there be no such newspaper. If there be a newspaper published in such municipality, the notice must be published in that.

2. PROCESS. *Statutes providing for notice in lieu of personal service must be strictly complied with.*

The law is settled that statutes providing for notice in lieu of personal service must be strictly complied with. Where a statute requires notice to be posted at a particular place, the notice must be so posted in accordance with the requirements of the statute. *Ponder* v. *Martin* 119 Miss. 156, 80, So. 388 *Id.*, 78 So. 929; *Moore* v. *Summerville*, 80 Miss. 323, 31 So. 793, 32 So. 294; *Diggs* v. *Ingersoll*, 28 So. 825, cited.

3. MUNICIPAL CORPORATIONS. *Special assessment cannot include cost of engineering and attorney's fees and interest on borrowed money.*

In assessing the owner of property for special improvements under chapter 260, Laws 1912, the cost of engineering fees and of attorney's fees, and interest on money borrowed by the munici-

pality, cannot be included, the statute giving the property
owner the right to construct the improvement in accordance with
plans furnished by the city, and making the property owner
liable for the cost of the work at his own expense, and provid-
ing that the work shall be done under the supervision of the
street commissioner.

4. MUNICIPAL CORPORATIONS. *Special assessment void for uncertainty*
*in description of property cannot be cured by pleading.*
   In order to fix a lien upon property for the cost of sidewalks
constructed by a municipality at the expense of the property
owner, the property assessed must be described with such
certainty that from the assessment alone it may be located
with certainty, and an assessment void for uncertainty cannot
be cured by the pleading seeking to enforce the lien.

APPEAL from the chancery court of Holmes county.
HON. Z. A. BRANTLEY, Special Chancellor.

Suit by the Town of Durant against E. L. Langstaff
to enforce a lien for the laying of a sidewalk. From an
order overruling a demurrer to the bill, defendant ap-
peals. Reversed, demurrer sustained, and cause re-
manded.

*Wells, Robertson & Jones* and *W. B. Banks,* for ap-
pellant.

The whole system of apportioning the costs adopted
by the town of Durant being entirely wrong, that sys-
tem being provided in case of improvement to the
streets only and not to the sidewalks, the effort to com-
pel appellant to pay same is void, as it is necessary as
a condition precedent to the enforcement of such assess-
ment that the various steps and plans and methods to
be used be strictly followed. See *City of Jackson* v.
*Williams,* 92 Miss. 301. The second ground of demur-
rer is that the notice of assessment was not published
as required by law in a newspaper, published in the
municipality of Durant, or by posting notice in two or
more public places, but was published in the Lexington

Advertiser, a paper published at Lexington, Mississippi, and not in the town of Durant. This ground of demurrer would have no application in this case as far as the publication in the Lexington Advertiser was concerned, but the appellee having made all the proceedings and pleas in the first case as exhibits to his present bill, it is as applicable now as it was in the first suit. Besides we contend that the first notice of assessment in the subsequent proceedings had and done by the said board of mayor and aldermen was void because it was not published in the Durant News, a paper published in said municipality, and that the second notice, the publication of the resolution fixing the amount of the special assessment, did not comply with the law, in that it failed to state as required by law that the said assessment was on file and was subject to the inspection and objection of the property owners. The giving of such notice as required by law was a condition precedent to the fixing of the lien upon the property of appellant to secure said taxes. This not having been done, the assessment never became a lien and is utterly void and of no effect.

The third ground of demurrer is as follows: "The improvement proceedings invalidated once because of failure to comply with legislative requirements, cannot be validated," and the fourth ground of demurrer is: "Because the defect in the proceedings for the assessment of the property being a defect related to the requirement which could not be dispensed with in the first instance by the complainant, is a defect that no subsequent act of the complainant can cure;" and the fifth ground of demurrer is: "Because the defect in the assessment proceedings being a defect in a jurisdictional matter is such a defect as can never be cured by any act of the complainant."

The legislature by subsequent enactment may legalize defective improvement proceedings; but the defect

or want of compliance with the law must relate to a
requirement that might have been disposed with in the
first instance; hence a failure to give notice to prop-
erty owners is a defect that cannot be cured. An
amendment to a charter providing that all ordinances
theretofore made should remain in force will not validate
an ordinance which is void because unauthorized.
*Himmelmann* v. *Hoadley,* 44 Cal. 213; *Clinton* v. *Walk-
er,* 98 Iowa, 655; *Red Wing* v. *Chicago, etc., R. Co.,* 72
Minn. 240.

A jurisdictional defect in the proceedings cannot be
cured by subsequent action with relation to matters in
which such defect is not necessarily a question involved.
*People* v. *Brooklyn,* 89 Hum. (N. Y.) 241, 25 N. Y.
Suppl. 91.

In the last mentioned citation it was held that "Where
a whole street was ordered opened, grading commis-
sioners were appointed for only a part thereof, the de-
fect was not cured by a confirmation of such commis-
sioners' report." "Where an original assessment is
void an additional assessment to make up this de-
ficiency is likewise void." *Workman* v. *Chicago,* 61 Ill.
463; *Bowen* v. *Chicago,* 61 Ill. 268; *Harrison* v. *Chi-
cago,* 61 Ill. 459.

"Jurisdictional defects in assessment proceedings
cannot be cured by subsequent action of the city with-
out express legislative authority. When an ordinance
prescribing the mode of making an assessment has not
been substantially complied with, the council cannot cure
the defect by resolution." *Jennings* v. *Fisher,* 103 Ind.
112; *Williams* v. *Detroit,* 2 Mich. 560.

The sixth ground of demurrer is as follows: "Be-
cause the bill shows on its face that the construction of
the sidewalk was not done under the supervision of the
street commissioner as required by ordinance No. 98 of
the town of Durant, but that it was done under the
supervision of X. A. Cramer, civil engineer," under

ordinance No. 98, exhibit C, to the bill.  Section 2 of said ordinance provides that said sidewalks shall be constructed under the direction of the street commissioner, and when done according to his direction as to material, grade, width and alignment, it shall be presumed that said sidewalks are constructed herein as provided.''  But the bill herein recites, that the board employed X. A. Cramer as engineer to supervise the construction of the work and employed Hon. J. D. Guyton to keep an accurate account of the cost of such construction.. We contend that the person elected street commissioner of said town was the only person under the law under whose direction said work could have been constructed, and that it was his duty to keep an accurate account of the costs of improvement in front of each lot and that said board of mayor and aldermen was without authority to appoint any one else to perform these duties.

The seventh ground of demurrer is as follows:  "Because the assessment attempted to be levied against the defendant is void for patent ambiguity.''  More fully stated, a description of the property of appellant in the attempted assessment is a patent ambiguity and no lien could be affixed upon it.  The description of the property of appellant attempted to be made is on page 33 of the record, and is as follows:

"E. L. Langstaff, Dr.  To the town of Durant, April 7, 1914.

Part of lot 22 of 176 lineal feet 5-foot walk
    at .50 .............................,......... $88.00
Part of lot 22 of 15  lineal feet 8-inch tile
    at .35 ........................................ 5.25
Part of lot 22 of 12  lineal feet 6-inch tile
    at .20 ........................................ 2.40

"This is to certify that the foregoing account is true and correct to the best of my knowledge and belief.

                "T. L. WEST, Clerk,
                "Town of Durant, Miss.''

We will cite the one case of *Lazar* v. *Caston*, 67 Miss. 275, which holds the description, "North part, southwest quarter, etc., void for uncertainty." It requires no citation of authority to convince this court that the description "East part of Lot 22" is a patent ambiguity.

The eighth ground of demurrer is as follows: "That the street commissioner, or the person acting in that capacity for the municipality, did not keep an accurate account of the cost of said improvement as required by 102." We have already argued this ground or demurrer in this brief, and do not consider it necessary to say anything further on the subject except to reiterate that the method pursued by said person attempting to act as street commissioner was unauthorized by the law and that it was jurisdictional in its nature and the attempt by the board of mayor and aldermen to affix an assessment upon his report was on that account absolutely void.

The ninth ground of demurrer is as follows: "Said resolution and ordinances under which said action was brought are each and all null and void, not having been adopted according to chapter 260 of the Laws of 1912 of Mississippi. We have already argued this ground of demurrer fully.

The tenth ground of demurrer is as follows: "Because the description of the property on which it was attempted to affix a lien in the bill of complaint is absolutely void being a patent ambiguity." We have already argued this ground of demurrer under seventh ground of demurrer.

The eleventh ground of demurrer is as follows: "Because the whole proceeding of the complainant herein was statutory and *in invitum* and the various steps laid down by the statute are conditions precedent to the validity of the lien attempted to be affixed by this proceeding and the doctrine of waiver has no place in the

proceedings, it being as above stated, strictly *in invitum.*"

We quote from syllabus in case of *City of Jackson* v. *Williams,* 92 Miss. 302, as follows, to wit: "A municipality proceeding under a statute providing for public improvements acts under special power conferred under special circumstances, and must pursue with strictness all the conditions precedent to its right to exercise the power."

"Any municipality in proceeding under Annotated Code 1892, sections 3011, 3012, it is not proceeding under its general powers of ordinances, but is proceeding under the special powers conferred on it under special circumstances, and it must pursue with strictness all the conditions precedent to its right to exercise the particular power. A compliance with these conditions constitutes its power to act, and is jurisdictional in its nature."

But it is contended by appellee that the appellant waived all these irregularities and conditions precedent to the legality of the whole proceeding by his seeing the work going on and not interfering or stopping or protesting against it. Under our conception of the law, the doctrine of waiver or estoppel cuts no figure whatever in this case, as the whole proceeding was *in invitum.* It was unnecessary for the appellant to protest or do anything. He had a right to stand by and if the municipal authorities undertaking to follow strictly the statute on the subject and to perform the conditions precedent, failed and neglected so to do, he was under no duty to protest, nor did he waive his right to object by mere silence and in not protesting. *Fletcher* v. *Trewalla,* 60 Miss. 965; *Davis* v. *Vanarsdale,* 56 Miss. 367.

Where the proceedings must be in pursuance of the requirements of the statutory enactment, the act of the city even to the extent of accepting payment of special assessment will not cure substantial defects. *Kidson* v. *Bangor,* 99 Maine, 139.

Where a municipal authority in making a street improvement exercises power not conferred by the charter, the abutting property owners are not estopped by mere silence from filing a bill to restrain the levying of an assessment for the payment of the improvements. *Shunn* v. *Seymour*, 24 N. J. Equity, 143.

We respectfully submit, therefore, that this case be reversed and the suit dismissed.

*Green & Green,* for appellee.

Defendant is in error in stating that the bill does not aver that the one hundred fourteen dollars and seventy-eight cents was the actual cost of the work done in front of the property of said appellant. The reason that the attorney's fees were added and the engineer's fees, was that, as stated in said report of Mr. Guyton, and by the engineer's efforts and this attorney's efforts, a profit was obtained for this appellant.

It was essential to have an attorney, and it was essential, in order to get the lowest price, to borrow the money to buy the materials, and an engineer had to be employed to lay out the lines and no averment is made in the bill or by the demurrer that these fees are other than reasonable and right, and attorneys and engineers are requisite elements in any public improvement.

It appears that Durant is a level town, and the cost of one foot was just as great as the cost of any other foot, and heretofore in the case of *Town of Louisville* v. *Car,* 77 So. 827, it was held that it was perfectly competent and as an assessment was confirmed where the work was done under a contract, and this assessment was confirmed. *Jordan* v. *Louisville,* 77 So. 826; See, also, *Oliver* v. *Macon,* 71 So. 575.

The proceeding which counsel claims was the assessment was not the assessment, and this is manifested by

the date thereon placed, and also will be further manifested by the return of the *certiorari.*

Counsel is further in error in detailing the several proceedings had, as will appear by the exhibits of this brief, and in addition, to the return of the *certiorari* which will be made.

Counsel contends that there is nothing to show the notice with reference to the assessment published as required by law. The bill so avers and counsels demurrer to the bill. The contention urged is that appellant could not be assessed with the actual cost of the work done in front of his property for the reason that the method of obtaining the cost was not arrived at in accordance with the statute.

With deference we submit, first, that this said cost is less than the actual cost, and this fact is admitted by the demurrer, and being less than the actual cost appellant cannot complain thereof. Second, it was shown that the citizens were led to believe that the cost of actually doing the work was to have been ten cents per square foot, and that in order to make the cost conform to the figures furnished by the mayor and board of aldermen, the mayor and board of aldermen charged a profit upon the work done for other citizens upon such a basis as to reduce the cost to those who were to be specially assessed, to the basis upon which the representation of ten cents was made.

As to the effect of estoppel, see this point fully discussed, *infra.* Third, but it is admitted by the demurrer that the actual cost alone is sought to be assessed against the property of the appellant, and this court very properly held upon the prior appeal that if this was the actual cost so sought to be assessed, it was immaterial that the correct figure was arrived at by an incorrect method.

In short, all that appellant could claim was that the actual cost, and no more, be assessed. If this actual cost,

and no more, was assessed, the fact that it was arrived at by an erroneous method, would not advantage appellant in any way. Further, in *Carr* v. *Louisville,* 77 So. 827, it was contended that the first holding of this court invalidated an assessment based upon a contract and allocated as was the assessment here. But this court expressly denied that contention. See, also, *Edwards House Co.* v. *City of Jackson,* 19 Miss. 429.

Point II. The second point of demurrer has reference solely to the condition obtaining on the prior appeal. The bill avers, and the demurrer admits, that after the report by Guyton and the street commissioner notice was duly given to all property holders'' and the ordinance making the assessment specifically recites: "Whereas the assessment for the same has been regularly made and filed with the clerk of said town, and has remained on file two weeks after the completion of the publication notifying each property holder that the said assessment has been made out and filed with the clerk of the municipality, and that the same was subject to inspection and objection; and, whereas, said publication was made in the Durant News, a newspaper published in the town of Durant, for the time required by law, namely, once a week for two weeks; and whereas no objections were made to the assessment then made."

It further appears by said ordinance that the mayor and board of aldermen charged with the duty of ascertaining that the publication was made, did ascertain that the publication was made in the Durant News, a newspaper published in the town of Durant." This averment is admitted by the demurrer.

Point III. The third, fourth and fifth grounds of demurrer are to be considered together. The contention is made that where there is a failure to make a valid assessment by reason of some precedent noncompliance with the statute, that a reassessment thereof cannot be made. But in the instant case, the record shows that a com-

plete and perfect compliance with the statute was had up
to and including the filing of the report by the street
commissioner; but that due to the publication of notice
having been made in the Lexington Advertiser, that by
reason solely of that fact, the assessment was unenforci-
ble.

This court expressly decided, we submit, that a re-
assessment could be made. *Phipps* v. *Medford,* 81 Ore-
gon, 124; *Thomas* v. *Portland,* 47 Or. 102; *Hughes* v.
*Portland,* 53 Or. 370; *Mills* v. *Charleston,* 29 Wis. 400;
*Schintgen* v. *La Cross,* 117 Wis. 158; *Smith* v. *Detroit,*
120 Mich. 572.

The statute expressly provides, Laws 1912 Chapter
260, section 10: "When any provision of this act re-
quires the mayor and board of Aldermen to take action
at any regular meeting, if they fail to take action at
the regular meeting required by this act, such action may
be taken at any subsequent regular meeting."

Now our contention is that having acted so as to be
void, as held by this court, their act was assailable by
anybody at any time, and was binding upon nobody.
*Wallace* v. *Tucker,* 104 Miss. 94; *Adams* v. *Bank,* 103
Miss., 753; *Craft* v. *Desoto Co.,* 79 Miss. 618; *Garner* v.
*Webster,* 79 Miss. 565; *Hinton* v. *Perry Co,* 84 Miss.
546; *Bolivar County* v. *Coleman,* 71 Miss. 835.

The contention of appellant is this. First, as shown
upon the prior appeal, be contended that the action
taken in making the assessment, was absolutely void be-
cause made without compliance with the statute.

Now having had that contention sustained, is he per-
mitted to reverse his position completely, and contend
that in virtue of a void action, said action so attempted
to be taken, was so far effectual as that it devoted to
his own personal aggradizement the public funds? In
short, having been adjudged void at his express conten-
tion, can it be utilized by him as being valid to transfer
to him an improvement in front of his property?

This shows the desperation in which appellant is involved in contending, first, that the act was void, his contention being sustained, he now contends that it was valid so far as to prevent re-assessment. In *State* v. *Seattle,* 42 Wash. 370, it was held that where an assessment for street improvements in invalidated as to certain lots, because of want of notice to share owners, a re-assessment may be made as to them under the authority under which the city originally proceeded. 64 So. 303; *Pierce* v. *Huntsville,* — So. —; 28 Cyc., par. 191; 2 Elliott, Roads & Streets (3 Ed.), —; *Allen* v. *Hance,* 161 Cal. 196; *Remillaro* v. *Blake,* 169 Cal. 277; Ann. Cases, 1916D, 451; *Whitney Glass Works* v. *Glassboro,* 79 N. J. L. 353; *Browne* v. *Logan,* 14 Vroom, 421; *Cunningham* v. *Merchantville,* 32 Ld. 466; *Steiert* v. *Coulter,* 102 N. E. 112; *Moore* v. *Yorkers,* 235 Fed. 489.; 25 R. C. L., Special or Local Assessments, section 91; *Birmingham* v. *Wills,* Ann. Cas. 1915B, 757; Estoppel, See 28 L. R. A. (N. S.) 1206; *Shepard* v. *Barron,* 194 U. S. 567, 48 L. E. 1115.

Point IV. The sixth ground of demurrer is predicated upon the fact that X. A. Kramer was employed as an engineer, and that Mr. Guyton was employed with reference to the keeping of certain accounts. While it is true that X. A. Kramer was employed to supervise the construction of said work, and J. D. Guyton was employed to keep an accurate account of the cost of said constructiont, the bill further avers "all of which said defendant well knew and did not make any objection, to the same, but acquiesced therein."

The acquiescence of the defendant, as shown *infra,* is a sufficient answer in and of itself, but the record affirmatively shows that the street commissioner has made a report as to what it actually cost to construct this property in front of appellant's premises, and that such report has been made the predicate of an assessment from which the appellant did not in any way appeal and

we submit, therefore, it does not lie with him to attempt to assail this judgment from which he had not appealed collaterally when it affirmatively appears that the street commissioner has reported the amount, of the actual cost, and said appellant has, by his demurrer, admitted that the improvement cost that amount.

Point V.  The allegation is that the assessment is void "for patent ambiguity."  As appears by the assessment it is directed against "E. L. Langstaff, that part lot 22, owned by him, being one hundred seventy six feet off the East Side."

Primarily, that assessment is valid in and of itself. The decisions cited by appellant do not in any way contravene this proposition.  It is admitted that appellant owns the east one hundred seventy-six feet off of Lot 22, and the further averment is that the cost in front of said property aggregated one hundred fourteen dollars and seventy-eight cents.

This is a proceeding to condemn property under an assessment whereof there is an admitted ownership and the decree of the chancery court will be that a lien exists against one hundred seventy-six feet off the east side of Lot 22 in front of which appellee expended one hundred fourteen dollars and seventy-eight cents for the benefit of the owner thereof, E. L. Langstaff.

Given the ownership of the property in E. L. Langstaff, we have thereby a sufficient identification.  Given the description of one hundred seventy-six feet off the east side of Lot 22, we have a definite description; but there is no way by which this court can judicially know that Lot 22 in Durant contains more than one hundred seventy-six feet.  If it contained one hundred seventy six feet or less, all of it would be assessed by this assessment.

True it might well be argued that under an appraisment that it contained more than one hundred seventy-six feet, but with deference, we earnestly insist that this court

cannot judicially know. Furthermore, it was shown that defendant was personally present and participated in the laying of the pavement for which the one hundred fourteen dollars and seventy-eight cents was expended, and now having participated in the dissipation of the public funds, for his personal benefit, can he deny his liability in that behalf?

Given the factors above enumerated, with confidence we say that the assessment is perfectly valid. See *Albritton* v. *Fairley*, 77 So. 651; *Drug Co.* v. *Pierce*, 71 So. 577; *Wheeler* v. *Lyncy*, 89 Miss. 157; *Pierce* v. *Tharp*, 79 Miss. 7.

Point VI. The eighth ground of demurrer is that the street commissioner or other person acting in that capacity for the municipality, did not keep an accurate account of the cost of said improvement as required by law. The point is made with reference to said Guyton, but it appears affirmatively that said account may be kept by the street commissioner "or other person acting in that capacity for the municipality."

It appears that said Guyton was specially designated to perform this function. It is fundamental that every word in a statute must be given effect. It would be tautology to claim that the street commissioner and the other person acting in that capacity were identical. The law recognizes the limitations of a street commissioner in a small town and vested in the mayor and board of aldermen, the power to designate another person to act in that capacity for the municipality. Apparently this was done in the instant case and falls squarely within the terms of the statute. Again, an estoppel operated, of which later.

Point IX. Estoppel applicable in assessment for special improvements. Appellant raises the question of applicability of estoppel, and quotes what is concededly valid law, from *Jackson* v. *Williams*, 92 Miss. 302, and

correctly states that appellee contends that the appellant waived whatever irregularities—appellee does not concede there are any—that may be found in this record under the allegations of the bill admitted to be true by the demurrer.

Appellant cited but one decision, *Fletcher* v. *Trewalla,* 60 Miss. 965, but that decision does not in any way relate to the obligation incident to improving property held by an individual under the police power possessed by a city; nor does that decision in any way deal with the obligation inherent in the receiving of a benefit from the public wherever the public receiving it, knew that he was expected to pay, and when the benefit was conferred, accepted it upon the theory that he was to compensate the public treasury therefor.

The Trewalla case dealt with the power of sale for general taxes, and does not touch in any way the instant case. While, unquestionably, the decision of *Jackson* v. *Williams,* is accurate, yet in *Oliver* v. *Macon,* 71 So. 575, there appeared to be an omission of a material element in the making of the assessment. But Oliver had signed a waiver, and this court, speaking through Mr. Justice HOLDEN, held that the doctrine of estoppel operated, and confirmed the assessment so thus made. Again in *Meridian* v. *Hudson,* 71 So. 574, the doctrine of consent is further integrated into the law with reference to special assessments.

That the doctrine is applicable is settled, we submit, by 2 Elliott on Roads and Streets, sections 731, 732, 733; See, also, 25 R. C. L., Section 93; 28 L. R. A. (N. S.) 1206; *Sheppard* v. *Barron,* 194 U. S. 553; Cooley, Tax'n, p. 573, and cases cited in Note 5; *Tash* v. *Adams,* 10 Cush. 252; *Shutte* v. *Thompson,* 15 Wall. 151, 21 L. Ed. 123.

The contrary rule seems to have once prevailed in California, but the decision was overruled in *Allen* v. *House,* 161 Calif. 196. See, also, *Remillard* v. *Black,* 169 Calif. 377; Ann. Cases, 1916D, 451; *Whitney* v.

*Glassboro,* 79 N. J. Law, 353; *Anheir* v. *Fowler,* 102 N. E. 112; See, note *Birmingham* v. *Willis,* Ann. Case 1915B, page 757; *Stamps* v. *Boone,* 63 So. 1020; *Town of New Decatur* v. *Scharfenberg,* 147 Ala. 367, 41 So. 1025, 119 Am. St. Rep. 81; *Cross* v. *City,* 90 Mo. 1886-88.

These decisions demonstrate that where there is an obligation resting upon an individual, and he suffers and permits the public money to be expended for the discharge of an obligation which rests upon him personally, without any objection thereto, that thereby he becomes estopped to question such expenditure, and the assessment made against him is lawful. *Macon* v. *Patty,* 57 Miss. 378; *Baltimore* v. *Greenmount Cemetery,* 7 Md. 517; Burroughs on Taxation, 494; Cooley on Taxation, 398; *Nugent* v. *City of Jackson,* 72 Miss. 1057.

Point X. Finally, it appears that by chapter 260, section 22, Law 1912, it is provided: "If any property owner feel aggrieved at the decision of the mayor and board of alderman in making the assessment against him, such person may appeal to the circuit court in the manner allowed in such case by section 81 of the Code of 1906, and the judgment on appeal shall be as provided by section 81, Code 1906.

The bill avers, and the demurrer admits that these proceedings were had, and that no appeal whatsoever was taken by appellant as to any question involved in the amount of the assessment. If the amount of said assessment was incorrect, it was requisite that appellant should at the time and place proceed to have that error corrected, as provided by law.

The right to appeal was vouchsafed. This appeal gave an adequate and complete remedy. Can appellant forego the lawful remedy and demand relief in equity? With confidence, we submit that he cannot. *Brooks* v. *Shelton,* 47 Miss. 243; *Anderson* v. *Ingersoll,* 62 Miss.

74; *Johnson* v. *Bond,* MS. Opinion, Book L. 278; See, also, *Summers* v. *Scott,* 68 Miss. 37; *Fosdick* v. *County,* 25 So. 294; *Adams* v. *Clarksdale,* 48 So. 242; *North* v. *Culpepper,* 53 So. 422; *Clay County* v. *Brown Lumber Co.,* 90 Ark. 417; 2 Cooley on Taxation, p. 1280; Welty on Laws of Assessment, sec. 158; 21 Enc. Plead. & Practice, 439; I Desty on Taxation, 505; 27 Am. & Eng. Ency. Law (2 Ed.), 726; *Wells-Fargo, etc.,* v. *Crawford County,* 63 Ark. 276; Board of Equalization Cases, 49 Ark. 518; *Hotel Co.* v. *Buchanan,* 110 Ark. 34; *Safe Deposit & Trust Co. of Baltimore* v. *Mayor and City Council of Baltimore,* 121 Md. 531, it is held, *Wannenwetsch* v. *Baltimore City,* 111 Md. 39; *Methodist Church* v. *Baltimore City,* 6 Gill. 391; *Hazelhurst* v. *Baltimore,* 37 Md. 220; *Page* v. *Baltimore,* 34 Md. 558; *Baltimore* v. *Johnson,* 123 Md. 326; *Land Company* v. *City of Des Moines,* 144 Iowa, 626; Code, secs. 823, 824, 829; *Nixon* v. *Burlington,* 141 Iowa, 316; *Reed* v. *Cedar Rapids,* 137 Iowa, 107; *Andrew* v. *Burlington,* 141 Iowa, 533; *Owens* v. *Marion,* 127 Iowa, 144; *Stevens* v. *Carroll,* 103 Iowa, 463; *Chariton* v. *Holliday,* 60 Iowa, 391; *Dubuque* v. *Wooten,* 28 Iowa, 571; *Roche* v. *Dubuque,* 42 Iowa, 254; *Kendig* v. *Knight,* 60 Iowa, 32; *Tallant* v. *Burlington,* 39 Iowa 546; *Starr* v. *Burlington,* 45 Iowa, 89; *Napieralski* v. *Chicago Park Commissioners,* 260 Ill. 628; *Newton* v. *Supervisors,* 146 Wis. 38; *Dunn* v. *Superior,* 148 Wis. 640; *Nelson* v. *Waukesha,* 147 Wis. 163; *Scott* v. *Salt Lake City,* 151 Pac. 882; *Koontz* v. *City of Centerville,* 143 N. W. 491; *Clifton L. Co.* v. *Des Moines,* 123 N. W. 340; *Haughawount* v. *Raymond,* 83 Pas. 53; *Burnham* v. *Abrahamson,* 131 Pas. 344; *Palmer* v. *Stumoh,* 29 Ind. 329; *Hellenkamp* v. *City of Lafayette,* 30 Ind. App. 103; *Haly* v. *City of Alton,* 38 N. E. 750; *Ricketts* v. *Hyde Park,* 85 Ill. 110; *Bozarth* v. *McGillicuddy,* 48 N. E. 1042; *Green* v. *Shanklin,* 57 N. E. 269; *Duniway* v. *Portland,* 81 Pac. 945; *Baldrick* v. *Gast,* 79 S.

W. 212.; *Diggins* v. *Hartshorne,* 41 Pac. 283; *Warren* v. *Riddell,* 39 Pac. 781; *M'cLaughlin* v. *Knoblock,* 120 Pac. 27; *Lambert Commissioners* v. *Krauss,* 42 N. E. 831; *Moorehouse* v. *City Clerk,* 126 Pac. 419; *Town of Russell* v. *Whitt,* 161 Ky. 187; *Dixon* v. *Detroit,* 49 N. W. 628; *Harper* v. *Grand Rapids,* 63 N. W. 517; *Ruben* v. *City of Salem,* 112 Pac. 713; *City of Muskogee* v. *Ramob,* 138 Pac. 567; *Ellison* v. *City of La Moure,* 151 N. W. 588; *Hallock* v. *Tucker,* 141 N. W. 192; 2 Elliott, Roads & Streets (3 Ed.), sec. 728.; Hamilton, Law of Special Assts., secs. 454, 455; Gray, Lim. of Taxing Powers, sec., 1879; Cooley on Taxation (2 Ed.), p. 671; McQuillin, Mun. Corps., sec. 1929; *Martindale* v. *Town of Rochester;* 171 Ind. 250; *Lux, etc., Stone Co.* v. *Donaldson,* 162 Ind. 481; *Brown* v. *Central Co.* 162 Ind. 452; *Edwards* v. *Cooper,* 168 Ind. 54; *Pittsburg, etc.,* v. *Taber,* 168 Ind. 419; *Dyer* v. *Wood,* 166 Ind. 44; Also, *Gardner* v. *Buffington,* 173 Ind. 454; *White* v. *Morehead,* 120 Minn. 1.

Wherefore, there having been a right of appeal vouchsafed by the statute, the exclusive remedy for a complainant as to the amount of the assessment, not having been pursued, it is not available in equity.

With deference, we submit that said judgment must be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from an order of the chancery court of Holmes county overruling a demurrer to a bill filed by the town of Durant to enforce a lien for the laying of a sidewalk under the provisions of chapter 260, Laws of 1912. This is the second appearance of this case in this court; the first appeal being reported in 111 Miss. 820, 72 So. 236, 681.

When the case was here on the former appeal, it was reversed and remanded for the reason that the proper

publication of service of notice was not made in con-
formity to the provisions of the statute, and that the
method of assessing the costs for making the said side-
walks provided by the statute was not followed.  On the
suggestion of error in the first opinion it was insisted
that publication was made in conformity to the statute,
and also that the bill of complaint showed that the ap-
pellant was charged with the correct amount for the im-
provement in front of his property, and that it made
no difference that this amount is ascertained by calcu-
lating the average cost of such improvement, for it is
contended that the bill of complaint showed that the
actual cost and the average cost of such special im-
provements are the same. The court stated in passing
upon this last proposition in the suggestion of error as
follows:

"Under this view of the case, the bill probably suffi-
ciently charges that the amount claimed is the actual
cost of the improvement in question"—but stated that
it was not necessary to decide this question to reach the
conclusion arrived at in the main opinion, and over-
ruled the suggestion of error.

When the case was remanded, a new notice was given
to property owners to appear at a meeting to be held
on April 3, 1917, to object to the assessment, and that
the board would sit and hear objections from day to
day, if necessary, beginning Tuesday, April 3, 1917, at
7 o'clock p. m., at the mayor's office. The clerk attached
to the notice so given the following:

"The above notice was posted in five public places in
the town of Durant on February 7, 1917."

The report shown in the record, Exhibits E and F,
shows that the cost of making the improvement was ar-
rived at in the same way as that in the former record,
being obtained by prorating the total cost of sidewalk
improvement in proportion to the length of the side-
walk constructed in front of appellant's property bore

to the total property; it being estimated in said report
that the sidewalk proper cost ten cents per square foot,
and private crossings fifteen cents per square foot. The
report shown in the record, Exhibit F, was made up of
various items, among which were the following: X. A.
Kramer, engineer's fees, one thousand three hundred
and ninety-seven dollars and forty-eight cents; J. D.
Guyton, attorney's fees, four hundred dollars; inter-
est on money borrowed, five hundred and fifty-five dol-
lars and ninety-eight cents.

The assessment shown in the record, Exhibit H, is as
follows:

"E. L. Langstaff, Dr., to the Town of Durant.

"April 7, 1914.

"Part lot 22, to 176 lineal feet 5 ft. walk at 50¢,
$88.00.

"Part lot 22, to 15 lineal feet 8 in. tile, at 35¢, $5.25.

"Part lot 22, to 12 lineal feet 6 in. tile at 20¢, $2.40.

"This is to certify that the foregoing account is true
and correct to the best of my knowledge and belief.
[Signed] T. L. West, Clerk, Town of Durant, Miss."

The report shown in the record of Guyton acting for
the town in making the costs and keeping an account
thereof, does not show the cost of each lot made out to
the proper owner, but shows the total number of feet
of the sidewalk, crossings, etc., and that this calculated
out amounts to ten cents per square foot for sidewalks,
and fifteen cents for private crossings.

The bill was demurred to on the ground that the no-
tice was not published in the manner required by law,
giving notice to property owners of the making of the
assessment, and that the method of fixing the costs was
improper and not according to statute; that the im-
provements proceedings, once invalidated because of
failure to comply with legislative requirements, cannot
be validated by subsequent ordinances; that defects in
the proceedings for the assessment of property, being

defects relating to the requirements which could not be dispensed with in the first instances, cannot be cured; that the bill shows on its face that the construction of the sidewalks was not done under the supervision of the street commissioner as required by the ordinance giving notice of such improvement, but was done under the supervision of an engineer; that the assessment attempted to be levied against the defendant is void for patent ambiguity; that the street commissioner did not keep an accurate account as required by law; that the ordinances relied on are void, not having been adopted according to chapter 260, Laws 1912; and that the description of the property on which it is attempted to fix the lien in the bill is void for uncertainty.

It will be noticed from the above statement that the clerk did not state in his return on the publication of notice to property owners to appear and object to the assessment where the notice had been posted, or that either of them was posted at the mayor's office; neither did it state that there was no newspaper then being published in the municipality. It appears from the bill, and from the proceedings prior to the former appeal, that the first notice was published in a newspaper not published in the town of Durant, and it is there alleged that at that time there was no newspaper published in Durant. It does not follow as a matter of course that a newspaper had not been established when the second notice was directed to be given, but, treating that as being established from the record as a whole, the record fails to show the posting of the notice for three full weeks, and that one of which places was at the mayor's office, while the statute specifically requires one of the places at which such notice is to be published be at the mayor's office. Section 7, Chapter 260, Laws 1912. This notice is in lieu of personal service, and the law is well settled in this state that statutes providing for notice in lieu of personal summons must be strictly complied with.

*Ponder* v. *Martin,* 119 Miss. 156, 80 So. 388; Id., 78 So. 929; *Moore* v. *Summerville,* 80 Miss. 323, 31 So. 793, 32 So. 294; *Diggs* v. *Ingersoll,* 28 So. 825.

Where the statute requires a notice to be posted at a particular place, the notice must be so posted, and the record should show that it was posted in accordance with the statute. Where a pleading states generally that notice was given as required by law, and the notice and the officer's certificate thereto shows specifically by notation thereon how it was done, such notice and notation will control the general averment. The theory upon which such notice is sustained is that, where the law fixes the notice and the method of its being given, the party having knowledge of the law is charged with such notice as inquiry at the place specified would give him. It follows that the defendant was not legally brought into court before the board making the assessment, and consequently that he is not bound by the order assessing him where he has not actually appeared and made protest or acquiesced therein. In order to establish a lien in proceedings of this kind, the city authorities must conform to the law.

Inasmuch as the case is here to settle the principles of the case, we will express our views on some of the other propositions presented.

Section 13 of the act under review provides that the property owner shall have the right to make the special improvements for himself, but that the work shall be done in accordance with the plans and specifications adopted by the mayor and board of aldermen. It follows from this that, if the property owner does the work, the city cannot assess him for the cost, or any part thereof, of the public improvement. The language of the statute is, "and the cost of the work shall be assessed against the owner, as hereinafter directed," if he fails to do the work within the thirty days.

Section 14 thereof provides that at the meeting at which they are required to hear objections or protests, if no successful objections be urged, the mayor and board of aldermen may order the street commissioner to proceed to make, or cause to be made, the improvement or repairs.

Ordinance 98 adopted by the mayor and board of aldermen directed the work to be done under the supervision of the street commissioner in accordance with the statute, but it appears that the work was done under the supervision of a civil engineer who was not the street commissioner, and more than one thousand three hundred dollars was charged against the property owners on account of the services of the civil engineer, and likewise four hundred dollars attorney's fees was charged against the property owners for the services of Mr. Guyton as attorney. There is also a charge in the expense account of some five hundred dollars interest on borrowed money. We think these items were improperly charged against the owner. The owner is only to be charged with the actual cost of the work, and of course he may be charged with interest accruing after the time he should pay has passed.

The act contemplates the supervision of the improvement being done by the street commissioner, and does not contemplate that the property owner shall pay civil engineers and attorneys and others for services which are to be performed by the officers of the city.

We think the original proceedings up to the time the work was performed were regular, but that the report of the acting street commissioner of the costs embraced improper items, and that these items were improperly embraced in the assessment, and, as the assessment must be made in conformity to the act, these items should be omitted.

In the brief for the appellee and attached to the brief appear statements purporting to be contained in ordi-

nances and reports that are not contained in the record, and these reports recite that the walks in Durant cost approximately the same and are level, but the record does not contain this report, and we can only decide the case as shown in the record which is certified by the clerk to us. It may be true that the cost is approximately the same, and, if it appeared that it was, it would be immaterial that the right method was not used in reporting the cost. But, where the statute prescribes a method, such method ought to be followed. The property owner ought to be able to determine from the report what costs were charged against him, and to have eliminated from the report any assessment of improper charges.

The description of the property of the appellant contained in the assessment shown in the record is imperfect and doubtful. In order to fix a lien on property, it ought to be described with such certainty as from the description alone contained in the assessment the property could be located with certainty. If the description in the assessment is void for uncertainty, it would not be cured by an allegation in the bill seeking to enforce the assessment which might better describe the property to be charged with the lien. The description used in both the bill and the assessment is not free from doubt, and, inasmuch as the case must go back for further proceedings and for a new assessment, this property should be better described. See *Doe* v. *Curtis,* 3 How. 230; *Swayze* v. *McCrossin,* 13 Smedes & M. 317; *Lazar* v. *Caston,* 67 Miss. 275, 7 So. 321; *Holmes* v. *Evans and Monohan,* 48 Miss. 247, 12 Am. Rep. 3172; *Bowers* v. *Andrews,* 52 Miss. 596; *Fisher* v. *Kuhn,* 54 Miss. 480; *Cogburn* v. *Hunt,* 54 Miss. 675; *McGuire* v *Stevens,* 42 Miss. 734, 2 Am. Rep. 649; *Tierney* v. *Brown,* 65 Miss. 563, 5 So. 104, 7 Am. St. Rep. 679; *Haughton* v. *Sartor,* 71 Miss. 357, 15 So. 71. We do not say we would reverse for this alone, but leave that an open question, but we do say that certainty of description of property

sought to be charged is a requisite of a valid assessment.

The cause will be reversed, the demurrer sustained, and the cause remanded.

*Reversed and remanded.*

STEVENS, J. (specially concurring). I concur in the foregoing opinion on all points discussed, except that portion holding that an engineer's fees for supervising the construction of sidewalks or other public improvements cannot be taxed as a part of the cost. The statute says "the cost of the work shall be assessed against the owner." When any elaborate improvements are made by municipalities, I think in many instances it would not only be appropriate, but necessary, to employ a supervising engineer, and reasonable charges by an expert engineer for supervising the work would be a legitimate charge.