COFER, Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Rankin County approving, ratifying and confirming an enlargement of appellee, City of Pearl (Pearl), with slight modifications.
Appellant, Nowlin, has assigned five errors:
1. The lower court committed reversible error in finding that it had jurisdiction over the parties and entering its final decree thereon because appellee, petitioner below, failed to prove posting of notices as required by law.
2. The lower court committed reversible error in overruling appellant’s motion to dismiss because the Annexation Ordinance was not recorded in the Ordinance Book either after its passage or before the filing of the Petition as required by law.
3. The chancellor was manifestly wrong in holding that the six year time period for providing services to the areas proposed to be annexed was reasonable.
4. The testimony of one sole governmental official of Pearl, the Mayor, capable of implementing promised improvements in the areas proposed to be annexed was totally insufficient and inadequate to support the chancellor’s finding that the annexation was reasonable and thus the chancellor’s finding was manifestly wrong and the decree entered thereon should be reversed.
5. The chancellor was manifestly wrong, considering all the essential testimony in this case, in holding that annexation by Pearl was reasonable, and the decree should be reversed.
As observed, appellant, in his first two assignments, attacks the jurisdiction of the trial court for alleged insufficiency of process and asserts that objectors’ motion to dismiss the cause for failure of Pearl to record in its ordinance book the prerequisite ordinance of enlargement should have been sustained.
In the first of these assignments, he points to Mississippi Code Annotated, section 21-1-31, (1972), which, on petitions for annexation of territory, requires that “notice thereof shall be given in the same manner and for the same length of time as is provided in Section 21-1-15 with regard to the creation of municipal corporations.”
The latter statute says in part that:
*954 [N]otice shall be given by publication thereof in some newspaper published or having a general circulation in the territory proposed to be incorporated once each week for three consecutive weeks, and by posting a copy of such notice in three or more public places in such territory.
Appellant calls attention to section 13-1— 145, as setting out the method of proof of posting, which provides:
The posting of any notice required by law or the order of any court may be proved by filing a copy of the notice, with an affidavit of posting, in the court in which the proceeding was had in which the notice was required. Such affidavit shall be competent evidence in all courts, and shall be prima facie evidence of what it states.
As a part of its notice to interested parties, the record shows that five copies of the notice were posted, two in Pearl and one in each of the three areas sought to be annexed. These are, by the return thereon, shown to have been posted at five public places, the particular places shown in the returns thereon. A deputy sheriff posted the notices as reflected in the returns.
It is contended that either the officer who posted the notices should have made an affidavit of posting or he should have been produced to show that he thus posted them. In support of his position on the posting and recording of the precedent ordinance, appellant cites Myrick v. Incorporation of Stringer, 336 So.2d 209 (Miss.1976).
In the Myriek decision, it is said:
The privilege of incorporation of a municipality can be granted only by the legislature and the procedure must be strictly complied with which grants to the chancery court the duty to determine whether public convenience and necessity will be served by the incorporation,
and
The notice required by this statute (21-1 — 15) is in lieu of personal service and it is well settled that a statute providing for notice in lieu of personal service must be strictly complied with and where the statute required the posting of notices, the notices must be so posted and the record must show that they were posted as required by the statute. Langstaff v. Town of Durant, 122 Miss. 471, 84 So. 459 (1920).
(336 So.2d at 210).
In that case the record failed to show the posting of notice. We further said:
No affidavit was filed as provided for in this section (13-1 — 145) and no attempt was otherwise made to prove that the notices were posted as required by statute. Consequently, the finding of the chancellor that proper notice was given as required by statute is not supported by the proof. (Emphasis added).
(336 So.2d at 210-211).
While strict compliance is necessary, section 13-1-145 says that the posting of the notices may be proved by an affidavit of the posting. This method of proving the notice does not preclude another method of proving such posting. Still recognizing that strict compliance is necessary, the posting of the notices by a deputy sheriff of Rankin County with returns thereon, reading with necessary variances to reflect where posted, the returns on all five notices are substantially as follows:
State of Mississippi
Rankin County
Cause No. 15,717
Chancery Court, Rankin County
I have this day executed the within writ by personally posting a true and correct copy of the above and foregoing summons in a public place in the area proposed to be annexed, as follows, to-wit:
(naming place)
This the 4th day of October, 1977.
J. B. Torrence, Sheriff
By: Clifford Boggan, D. S.
In the Langstaff case, supra, it was said:
Where the statute requires a notice to be posted at a particular place, the notice must be so posted and the record should
*955 show that it was posted in accordance with the statute. Where a pleading states generally that notice was given as required by law, and the notice and the officer’s certificate thereto shows specifically by notation thereon how it was done, such notice and notation will control the general averment.
(122 Miss. at 492, 84 So. at 460).
72 CJ.S. Process § 90, p. 1128 (1951), says in part:
. The return is an official act, and constitutes the official oath of the officer as to the facts stated in the return. . . . (Emphasis added).
The solemn returns of the officer on these notices are sufficient to meet the notice requirement of posting contained in the statute.
When the attack was made on process, Pearl, earlier than the time required therefor, caused posting of three notices in each of the three areas sought to be annexed. While we view this precautionary act as a commendable one, we hold that the original posting was sufficient and the sheriff’s return on that posting met the requirement of the statute.
Appellant further contends that the court was without jurisdiction because the proof of newspaper publication of the notice and the copies of the posted notices with the sheriff’s return as to his posting of them, were not introduced in evidence.
Griffith’s Mississippi Chancery Practice, section 572 (2d ed. 1950), “Pleadings judicially noticed,” says:
So it is then that the pleadings control the scope of the testimony, supply by their admissions the place of proof as to all facts so admitted, and that some answers are actually part of the evidence. The presentation of oral or written evidence on the hearing through the means of witnesses or of documents is therefore only an adjunct, albeit a substantial adjunct, of the case already made. The pleadings, summons, all motions and all orders theretofore made in the case are parts of the record, prove themselves and it is not necessary to formally introduce them at the hearing. It is not necessary to introduce in evidence a part of the record in the instant case, because the court takes judicial notice of all judicial parts of the record and it is therefore already in evidence. . . . (Emphasis supplied).
Walker v. Walker, 7 Miss. 500, 6 How. 510 (1842), says, in part:
. our courts acquire jurisdiction by service of the process merely without the appearance of the defendant, and as it must appear from the record that the court had jurisdiction, the process constitutes a part of the record. (Emphasis added). (7 Miss. at 510).
It is our view that the proof of publication of the notice and the copies of the posted notices with the sheriff’s return thereon, when filed, became a part of the record and were thereby, before the court, and it was not necessary that they be made a part of the evidence in the case.
It is urged in the second assignment of error that the cause should have been dismissed because of Pearl’s failure to cause the annexation ordinance to be recorded in the city’s ordinance book.
Mississippi Code Annotated, section 21-13-13 (1972), is relied upon as authority for this assignment. That statute provides in pertinent part that the clerk shall enter at length in the ordinance book every ordinance enacted immediately after its passage, and that all ordinances thereafter passed which are not entered in the ordinance book shall be void and of no effect. “The ordinances which are to be recorded in such ordinance book are those which are in their nature laws of the municipality, and are not mere resolutions, orders or decrees of a temporary nature.”
Due adoption of the ordinance and its appearance in the minutes of the Mayor and Board of Aldermen are facts not at issue but are stipulated by the parties.
That this question would ultimately be before us was probably presaged by the opinion in City of Biloxi v. Cawley, 278 *956 So.2d 389 (Miss.1973), wherein assertedly there appears a dictum, in which we held:
Obviously an annexation ordinance becomes effective when, and not before, it is approved by a decree of the chancery court. Neither recording nor signing of such an ordinance in the ordinance book will render it effective without such approval. It is to be doubted that an annexation ordinance should be recorded in the ordinance book until after it shall have been approved by a decree of the chancery court in statutory proceedings. In any event, an annexation ordinance is without effect until so approved. (278 So.2d at 393).
We now hold that the annexation ordinance, ineffective until it is approved by the court, was not required to be recorded in the ordinance book of Pearl until final approval of it by the court.
These two assignments of error at the threshold of the case and having to do with only two of multiple pretrial motions filed in the case, having now been disposed of, the remaining three asserted errors are reached on the merits.
The case was strenuously tried, and there are few facets of the proof wherein the parties agreed in the trial. The record consists of thirteen volumes, 2,158 pages, and the abstract of it is 285 pages in length. Examination of the abstract and of the record has been made.
Pearl was incorporated June 25, 1973, [In Re Incorporation of the City of Pearl, 279 So.2d 590 (Miss.1973)], and encompassed 10.5 square miles. On September 20, 1977, the municipality adopted the present ordinance for annexation of territory outside of, but contiguous to, its boundaries and filed petition in this cause praying approval of the annexation, which territory, if approved by the court, would more than double its size. There are three areas, referred to as area one, area two, and area three, sought to be annexed.
Area one is the smallest of the three, and is bounded on its easterly and south sides by Pearl and on its north and westerly sides by the municipality of Flowood. It is, therefore, an enclave completely surrounded by Pearl and Flowood.
Area two lies southerly of, and is bounded by Pearl and Richland and unincorporated territory.
Area three has a common boundary with Pearl, and is also bounded by the City of Jackson’s Allen C. Thompson Airport and by territory then unincorporated.
Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319 (1960), contains criteria to be met in the extension of municipal boundaries and these have, since that decision, been recognized as factors governing the reasonableness of the annexation and the correctness of the governing authority’s finding that such annexation is publicly convenient and necessary. These criteria are:
1. The city’s need for expansion;
2. Whether the territory sought to be annexed is reasonably within the path of such expansion;
3. The potential health hazard from sewage and waste disposal, and
4. The city’s financial ability to make the improvements and furnish municipal services to the area if annexed.
Pearl, in its ordinance, promised prompt police, fire and pest protection, and six other related needs. Where applicable, necessary, and economically feasible, it further promised, to be completed within a reasonable time not exceeding six years, unless delayed by war or military preparedness restrictions, the following improvements:
A. Grading, draining, and improving existing streets;
B. Installing water lines and fire hydrants;
C. Installing sewer lines; and
D. Installing street lighting.
The chancellor, in a well-reasoned opinion, reflecting full understanding of the long record made over a hearing extending almost two weeks, found and decreed in favor of Pearl on all four of the Dodd criteria, above, and that the annexation, *957 with small exceptions, as prayed, is reasonable and to the public convenience and necessity. We will not detail the testimony for and contrary to his finding, but are of the opinion that his determination is supported by substantial evidence, and is not contrary to the overwhelming weight of the evidence, and we agree with his decision. As heretofore stated, there is conflict throughout the record, and we could not say a contrary decision on his part would be unsupported by substantial evidence.
Pearl, still a fledgling municipality, was carved out of territory unregulated by responsible authority wherein the property owners, with no restrictions thereon, respectively did what was right in their own eyes. The result was a hodge-podge of buildings, mobile homes, roads, and sewer conveniences, a situation not wholly remedied, which will require its attention for a number of years yet. As might be expected under such circumstances, scores of objectors assert that Pearl should attend to the needs within its boundaries before undertaking fulfillment of promises to the area sought to be annexed, a “physician, heal thyself” sort of position and argument. Its very effort here has wrapped up in it a desire on its part that the areas here involved, being in the path of its expansion, will not grow up and become densely populated with a “crazy quilt” situation of development which will require uprooting and a new start in the matter of water, streets, sewer, and other necessities that people have. Hence, Pearl’s desire is to regulate these areas now before such conditions are created.
The chancellor’s decision and decree are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.